FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 APR -1 PH 2: 21

U.S. DISTRICT COURT
N.D. OF ALABAMA

TRACY MINOR,

    Plaintiff,

v.

ALACARE HOME HEALTH SERVICES,
    INC.,

    Defendant.

CIVIL ACTION NO.

98-AR-0477-M

ENTERED

APR -1 1999

## MEMORANDUM OPINION

Presently before the court is a motion by plaintiff, Tracy Minor ("Minor"), to alter, amend, or vacate the judgment entered by this court on December 31, 1998. Minor questions this court's grant of summary judgment in favor of defendant, Alacare Home Health Services ("Alacare"), as to Minor's claims under the Fair Labor Standards Act. In the alternative, Minor requests that the court allow her an opportunity to respond to evidence contained in Alacare's reply brief. For the reasons hereinafter stated, the motion is due to be granted.

Minor worked as a home care aide ("HCA") for Alacare from May of 1994 until her employment was terminated in June of 1997. Minor filed suit against Alacare in February of 1998, alleging that Alacare had violated both the Family Medical Leave Act ("FMLA") 29 U.S.C. §§ 2601-2653 (1997 Supp.), and the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq. On October 15, 1998, Alacare filed a motion for summary judgment, challenging all counts contained in Minor's complaint.

On November 3, Minor submitted a response brief and supporting materials. Included in these materials were Alacare's "payroll check history" forms relating to Minor. The "hours" column on the forms

1

appeared to indicate that Minor had exceeded a forty hour work week on several occasions.  In its reply brief, submitted November 12, Alacare explained that the "hours" column did not actually reflect the hours that Minor worked.   Alacare explained that limitations in its accounting software caused the "hours" column to reflect the number of patients visited by an HCA plus the number of office hours an HCA worked.[1]  Alacare also filed evidentiary materials in support of its explanation.   The motion for summary judgment came under submission on November 13, 1998.

On November 20, 1998, Minor filed a motion to strike those portions of Alacare's reply brief and evidentiary materials relating to the FLSA claim.   Minor argued that the explanation offered in Alacare's brief constituted a new argument, and that this argument, as well as the evidence filed in support thereof, should have been contained in Alacare's original materials.  Minor complained that she had not had the opportunity to address the issues raised in Alacare's reply.  Rather than to ask for leave to respond, Minor simply requested that the court strike the arguments and evidence regarding her FLSA claim as having been filed out of time.  The court was unwilling to strike such material.  On December 15, 1998, the court denied Minor's motion.

Even after her motion had been denied, Minor did not request leave to respond to the "new" arguments allegedly raised in Alacare's reply brief.   Consequently, when this court addressed Alacare's motion for summary judgment, Alacare's explanation as to the apparent overtime worked stood unchallenged.   In fact, Alacare had presented evidence indicating that, at least for some weeks covered by the payroll check history, Minor had not worked more than forty hours.  Because Minor had failed to present

---

[1] HCA's like Minor are not paid by the hour, rather, they are paid per patient visit.  HCA's do receive an hourly wage while performing "office work" such as completing their time sheets and maintaining records.

2

evidence indicating the existence of a genuine issue of material fact on her FLSA claim, this court granted Alacare's motion for summary judgment.[2]

Minor then filed the present motion under Rule 59(e) of the Federal Rules of Civil Procedure. As an alternative to her motion to alter, amend, or vacate, Minor requests leave to respond to the issues and evidence presented in Alacare's reply.[3] Paragraph six of Minor's motion notes that the court denied her motion to strike and laments that the court "never gave the plaintiff an opportunity to respond to the evidence" that was the subject of her motion to strike. Minor's present motion does not, however, mention that she never once asked for such an opportunity despite the fact that seven full weeks elapsed between the date on which Alacare submitted the materials in question and the date on which the order was entered, and over two weeks elapsed between this court's denial of Minor's motion to strike and the court's grant of summary judgment.

To her Rule 59(e) motion, Minor has appended time records from January 15 through January 21 of 1996 and from March 4 through March 10 of 1996. Minor has also attached payroll records that cover these time periods. During both of these periods, Minor appears to have worked more than forty hours, yet there is no indication on the payroll records that Minor received overtime pay. While this evidence suffers from some deficiencies,[4] it would have been sufficient to create a genuine issue of

---

[2] For a complete discussion of Minor's claim under the FMLA, see this court's Memorandum Opinion in *Minor v. Alacare Home Health Services, Inc.*, CV-98-AR-0477-M (Dec. 31, 1998).

[3] The court is unclear as to why this request is presented as an alternative, since allowing Minor to respond to Alacare's reply would serve no purpose unless the court also granted her request to alter, amend, or vacate the judgment.

[4] For example, from the records Minor has presented, it is impossible to tell with any degree of certainty when Alacare's workweek began and ended. This information is crucial. Minor may have worked over 43 hours from January 15 through January 21, but if the workweek ran from January 17 through January

3

material genuine fact as to whether Minor was entitled to and did receive overtime compensation as required by the FLSA.

The Eleventh Circuit has held that "where a party attempts to introduce previously unsubmitted evidence on a [motion submitted under Rule 59(e)], the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. United States Postal Serv.*, 122 F.3d 43, 45 (11th 1997). Though Minor has made no showing that the new evidence submitted with her Rule 59(e) motion was previously unavailable, this court anticipates her argument that she had no occasion to submit the evidence until she received Alacare's reply brief. Reiterating that Minor could have, and should have, sought leave to submit the evidence once its relevance became apparent and before this court granted summary judgment, the court concludes that the interests of justice will best be served by allowing Minor to present evidence on the FLSA overtime issue.

Minor's motion to alter, amend, or vacate the order entered December 31, 1998 is due to be granted to the extent that the order relates to Minor's claims for overtime under the FLSA. An appropriate order granting the motion will be entered separately.

DONE this _____1st_____ day of April, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

23, Minor may not have worked more than 40 hours.  Also, because the pay records are broken into a two week period and the time sheets cover only six days, it is impossible to ascertain the amount of compensation Minor received for each six day period.