```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ALABAMA
                           MIDDLE DIVISION

TRACY MINOR,                    }
                                }
     Plaintiff,                 }
                                }
v.                              }       CIVIL ACTION NO.
                                }
                                }       98-AR-0477-M
ALACARE HOME HEALTH SERVICES,   }
     INC.,                      }
                                }
     Defendant.                 }
```

FILED
99 JUN -7 PM 3:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN - 7 1999

### MEMORANDUM OPINION

Presently before the court are cross motions for summary judgment. For the reasons hereinafter stated, the motion for summary judgment filed by defendant, Alacare Home Health Services ("Alacare"), is due to be granted, and the motion for summary judgment filed by plaintiff, Tracy Minor ("Minor") is due to be denied.

### Background

Alacare had previously filed a motion for summary judgment on Minor's claim that Alacare violated the Family Medical Leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"). By order entered December 31, 1998, this court granted summary judgment on both claims.

Minor then filed a motion pursuant to Rule 59 of the F.R.Civ.P., asking that the court reconsider its grant of summary judgment on the FSLA claim. Though Minor made no showing that the evidence on which her Rule 59 motion was based had been unavailable at the time she opposed Alacare's summary judgment motion, the court concluded that the interests of justice would be served by allowing Minor to submit such evidence. The court's grant of summary judgment on Minor's FLSA claim was therefore vacated on

1



April 1, 1999.

The parties submitted additional evidence and briefs debating whether Minor received all overtime pay to which she was entitled. On April 27, 1999, the court heard oral argument on this issue. The court granted Minor until April 30, 1999 to submit any evidence to support her position. Minor not only filed evidentiary submissions, but filed her own motion for summary judgment which came under submission on May 25, 1999.

## Discussion

The court appreciates the considerable time and effort both parties have expended in assembling and interpreting the substantial amount of information required to resolve the overtime issue. With Minor's time and payroll records now distilled, it is apparent to the court that no factual disputes remain and summary judgment in favor of Alacare is due to be granted.

### *Unreported Time*

In her initial opposition to Alacare's motion for summary judgment, Minor argued that she should have been compensated for the twenty to thirty minutes she spent each day "off the clock" preparing her schedule for the next day and discussing issues with the nurse. Minor has renewed this argument in her own motion for summary judgment, this time indicating that the time intervals were thirty minutes in length.

The FLSA requires employers to compensate employees for all actual work or time of employment. *Dade County v. Alvarez*, 124 F.3d 1380, 1384 (11th Cir. 1997), *reh'g denied*, 135 F.3d 147 (11th Cir. 1998), *cert. denied*, 118 S.Ct. 1804 (citations omitted). The Act defines "employ" as to "suffer or permit to work." 29 U.S.C. § 203(g). Federal regulations

2

interpret "suffer or permit" to include any work that an employer has "reason to believe" is being performed. *See* 29 C.F.R. § 785.11. "Work" means all activities "controlled or required by the employer and pursued necessarily and primarily for the benefit of [the] employer and [the] business." *Alvarez,* 124 F.3d at 1384 (citations omitted).

For the same reasons the court earlier rejected Minor's contention that she should be compensated for these thirty minute intervals, it again rejects the argument -- namely, Alacare did not "suffer or permit" Minor to work these thirty minute intervals, and the intervals do not fall within the FLSA definition of "work.[1]" Minor's performance of duties off the clock was in direct violation of Alacare's stated policy forbidding employees not to take work home or remain at work after the end of the scheduled work day. Minor's failure to report the time allegedly worked violated Alacare's strict policy requiring employees to accurately report all hours worked. Minor's failure to request permission to work these hours violated Alacare's policy requiring employees to obtain written permission for working overtime.

Under these circumstances, it cannot be said that Alacare suffered or permitted Minor to perform the tasks she allegedly completed during these thirty minute intervals. Due to its numerous policies prohibiting the performance of unreported and unpermitted work, Alacare had no reason to believe that Minor was performing tasks she did not report or request

---

[1] Because these hours do not fall within the FLSA definition of "work," there is no need for the court to determine whether compensation would be required under the Portal to Portal Act, 29 U.S.C.A. § 251 *et seq.*, which excuses an employer from providing compensation for activities performed after the regular workshift unless those activities are "an integral and indispensable part of the principal activities for which [the worker is] employed." *Steiner v. Mitchell*, 350 U.S. 247, 256, 76 S.Ct. 330, 335 (1956); *see* § 254(a)(2).

3

permission to work.[2]  At no time during her employment did Minor ever claim that she should be compensated for this time.  In fact, Minor signed off on her time cards each week verifying their accuracy.  Because Alacare had no reason to believe Minor would violate three company policies and work extra hours off the clock, then use these unreported hours as a basis for an overtime claim despite her own affirmation of the accuracy of time records that did not reflect these hours, it cannot be said that Alacare "controlled or required" any of Minor's "work" during this time.  It could not control or require Minor's performance of duties it was unaware were being performed.  The thirty minutes Minor added each day to her time records will therefore be excluded from consideration.

### *Meal Times*

Employers need not compensate employees for *bona fide* meal periods.  *See* 29 C.F.R. § 785.19; *Avery v. City of Talledaga*, 24 F.3d 1337, 1344-45 (11th Cir. 1994).  A *bona fide* meal period is a period of thirty minutes (ordinarily) during which the employee is not "subject to real limitations on [his or her] personal freedom which inure to the benefit of the employer."  *Avery*, 24 F.3d at 1345 (citations omitted).  Under some circumstances, shorter meal periods qualify as *bona fide* meal periods.  29 C.F.R. § 785.19.

Under Alacare's employee handbook, employees like Minor are "strongly encouraged to take a one hour unpaid meal break.  If an hour break is not possible . . . a shorter break of **at least** 30 minutes is recommended."

---

[2] While federal regulations indicate that promulgation of a rule is generally insufficient effort on the part of the employer to ensure that unwanted work is not being performed, *see* 29 C.F.R. § 778.13, the promulgation of **numerous** rules against unwanted, unreported, and unpermitted work is an adequate showing of Alacare's efforts to exercise its control.  This is especially true when some of these rules -- such as falsification (by omission) of time reports -- are backed by the threat of termination.

(*Aff. of Suzanne Hand, Ex. C*)(emphasis supplied). Alacare apparently does not require its employees to take meal breaks. It only asks that any meal break an employee does take be at least thirty minutes in length. Despite Alacare's policy, Minor recorded numerous lunch breaks of less than thirty minutes. She now contends that these short lunch breaks are compensable under the FLSA and has included these breaks as working time when calculating her total hours worked. This court disagrees with Minor's position.

Alacare's policy makes clear that all lunch periods must be at least thirty minutes in length. On occasions when Minor took less than a thirty minute break to eat, Alacare in no way restricted the manner in which she used her remaining time. Alacare did not require Minor to return to work before her thirty minute meal period expired. That Minor chose to return to work early -- in contravention of Alacare's stated thirty minute meal break policy -- should not allow her to receive compensation for what Alacare intended to be an unpaid break.

Alternatively, Minor's working conditions surely qualify as special circumstances that allow breaks shorter than thirty minutes to qualify as *bona fide* meal periods. When Minor chose to take a break of only twenty minutes, for example, she had total control over how she spent her time. She was not obligated to perform administrative work, was not obligated to care for patients, and was not obligated to return to the office. Because Minor presents no evidence indicating that Alacare placed a single restriction on her freedom during her lunch break (however long she chose to make it), even breaks less than thirty minutes long qualify as *bona fide* meal periods for which Alacare is not obliged to provide compensation. Meal times of less than thirty minutes in length will therefore be excluded from Minor's calculations of working time.

**Conclusion**

The thirty minute intervals Minor allegedly worked but did not report shall be excluded from calculations of her time. Alacare did not "suffer or permit" Minor to perform "work" during this time and shall not be obligated to provide compensation.

Alacare was correct in deducting thirty minutes for a *bona fide* meal period from Minor's hours on occasions where her lunch period was reported as less than thirty minutes. Minor was aware of Alacare's policy requiring lunch periods, if taken, to be at least thirty minutes long. Alacare placed no restrictions on Minor's use of lunch time. The fact that Minor chose to take lunches of less thirty minutes should not obligate Alacare to provide compensation for what would otherwise be an unpaid break.

Once these two thirty minute intervals are excluded from Minor's pay calculations, the court's own independent review of the weeks in which overtime pay is disputed indicates that Minor received all the overtime pay to which she was entitled. An appropriate order granting Alacare's motion for summary judgment and denying Alacare's motion for summary judgment shall therefore be separately entered.

DONE this 7th day of June, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE