IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

TRACY MINOR,

    Plaintiff,

v.

ALACARE HOME HEALTH SERVICES,
    INC.,

    Defendant.

CIVIL ACTION NO.

98-AR-0477-M

FILED

99 JUN 24 AM 9:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

JUN 24 1999

## MEMORANDUM OPINION

Presently before the court is a motion filed by plaintiff, Tracy Minor ("Minor"). Minor asks this court to alter, amend, and vacate the judgment it entered on June 7, 1999. Said judgment simultaneously denied Minor's motion for summary judgment and granted the summary judgment motion filed by defendant, Alacare Home Health Services, Inc. ("Alacare"). For the reasons hereinafter stated, the motion will be denied.

The procedural history of this case is long, but fortunately fairly clear. This court initially granted summary judgment in favor of Alacare on Minor's claims that Alacare had violated the Family Medical Leave Act ("the FMLA") and the Fair Labor Standards Act ("the FLSA"). Minor filed a motion to alter, amend, and vacate that order with respect to the FLSA claim. Based on the evidence presented in connection with Minor's Rule 59 motion, the court agreed to re-open the FLSA issue. The court heard oral argument on the FLSA claim and allowed the parties to submit additional evidentiary material relative to Minor's overtime claim. Both parties submitted material, and Minor filed her own motion for summary judgment. Based on the arguments of



counsel and the entire record before it, the court again concluded that Alacare was entitled to judgment as a matter of law on Minor's overtime claim.

In her latest Rule 59 motion, Minor challenges two of the court's conclusions. First, Minor asks the court to reconsider its finding that her mealtime is not compensable time under the FLSA and cannot, therefore, be used in determining Minor's hours worked. Second, Minor quarrels with the court's conclusion that the thirty minute intervals that Minor claims to have worked each day but failed to report are also not compensable under the FLSA and cannot be included in Minor's calculation of working time.

With respect to the mealtime argument, Minor contends that "[t]he court's ruling on the 'lunch hour' question is at odds with the admission made by the defendant's representative." Minor bases this contention on her assumption that the court considered occasions on which Minor ate her lunch en route from one patient to the next as *bona fide* meal periods. Minor assumes too much. Kay Sykes ("Sykes"), Alacare's company representative, testified that occasions on which Minor "left Patient A and stopped by a drive-thru, got a sandwich and then went straight to Patient B" was compensable time. *Sykes' Depo.* at 33. Sykes also testified that such occasions did not constitute "a lunch." *Id.* Based on Sykes' own testimony, the court did not consider "en route lunches" as *bona fide* meal periods. In other words, the court's order contemplated that Minor should be paid for "en route lunches" because, in Sykes' own words, such occasions are "not a lunch." Minor designated days on which she took only an en route lunch by writing "lunch en route" on her time sheets. The court considered this compensable time and factored it into Minor's total hours worked.

2

Even including en route lunches in her total hours worked, however, the court concluded that Minor received all the overtime pay to which she was entitled.

Minor now argues that almost all of her lunches were en route lunches. She presents a past-judgment affidavit in which she states "[w]henever I got lunch it was always on my way from one patient's house to another patient's house." *Aff. of Pl.* at ¶ 19. She explains that she sometimes brought her lunch from home and ate in the car while traveling from patient to patient, that she sometimes stopped by a drive-thru window and ate lunch in the are while traveling from patient to patient, and that she sometimes ate lunch at the home of a patient while she was working. *Id.* at ¶¶ 16-18. Minor offers no explanation as to why, if **all** of her lunches were essentially en route lunches, only **some** of her lunches are designated "lunch en route" on her time sheets. Minor also offers no explanation as to why she failed to present such evidence in support of her argument while her summary judgment motion was still pending. Clearly, such evidence was available as Minor could have submitted an affidavit at any time. As stated in an earlier order in this case, the Eleventh Circuit has held:

> where a party attempts to introduce previously unsubmitted evidence on a [motion submitted under Rule 59(e)], the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.

*Mays v. United States Postal Serv.*, 122 F.3d 43, 45 (11th Cir. 1997); *see also Mem. Op. of Apr. 1, 1999*, at 4. This court has once excused Minor's failure to timely file evidence. *See Mem. Op. of Apr. 1, 1999*, at 4. It is not inclined to do so again.

With regard to the thirty minutes of unreported time, the memorandum opinion issued by this court on June 7, 1999 found that Alacare did not "suffer or permit" Minor to "work" this time as these

3

words are defined and interpreted under the FLSA. *See Mem. Op.*, at 3. This conclusion was based largely on the fact that Minor violated several Alacare policies by failing to report all time worked, by verifying the accuracy of her time sheets when they apparently were not accurate, and by failing to request and obtain permission to work overtime. *Id.* at 3-4. This reasoning was also the basis on which the court explicitly rejected Minor's argument when she initially raised it in opposition to Alacare's motion for summary judgment. *See Mem. Op. of* Dec. 31, 1998.

Minor contends that she was unaware that her ability to count the thirty minute intervals as compensable time would depend, in part, on her compliance with Alacare's policies. The record reflects that this is simply not true. The same issue was previously argued by both parties and addressed by this court. Minor therefore was on notice that her non-compliance with Alacare's policies could prevent her from counting the thirty minute intervals as compensable time. The evidence on which her Rule 59 motion relies was clearly available to her prior to the entry of this court's order of June 7. Minor will not be allowed to introduce such evidence now. *See Mays*, 122 F.3d at 45. Enough is enough. An order denying Minor's Rule 59 motion will be entered separately.

DONE this 24th day of June, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

4